IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JIMMY SAGET,<br>    Petitioner,<br><br>v.<br><br>TABB BICKELL, et al.,<br>    Respondents. | :<br>:<br>:<br>:<br>:   CIVIL NO. 12-2047<br>:<br>:<br>:<br>: |

**ORDER**

**AND NOW**, this 6th day of October 2014, upon careful and independent consideration of the Petition for Writ of Habeas Corpus and all memoranda and exhibits in support of habeas corpus, the Respondents' response thereto, and Petitioner's reply, the state court record, and upon review of the Report and Recommendation ("R & R") of United States Magistrate Judge Elizabeth T. Hey [Doc. No. 39], and Petitioner's objections thereto,[1] and for the reasons set forth in the thorough and well-reasoned R & R, it is hereby **ORDERED** that:

1. Petitioner's objections are **OVERRULED**;[2]

---

[1] Petitioner's Objections were not timely filed, but the Court has nevertheless considered them.

[2] Petitioner's Objections, though 110 pages in length, largely attempt to re-litigate issues already raised and squarely addressed in the remarkably thorough, 70 page R & R. The Court overrules such objections and adopts the reasoning set forth in the R & R.
    Where Petitioner argues that the R & R failed to consider all the evidence, including newly presented evidence, in determining whether Petitioner had presented reliable, new evidence of actual innocence, the Court does not agree. The R & R found that Saget *could* rely upon new evidence in his petition, but found "[d]espite being able to rely upon this 'new' evidence, Saget has not met his burden to establish his factual innocence." R & R at 24. The R & R's explanation that "little can be gleaned" from the new evidence (i.e., cell phone tower data indicating that a particular cell phone was using that tower) is a reasoned conclusion that, in light of trial testimony that a cell phone could be anywhere from one to three miles from the cell phone tower, the cell phone tower data would be unlikely to impact the findings of reasonable jurors. The R & R considered all the evidence presented and found Saget's evidence of innocence fell short of the standard established in *Schlup v. Delo* (513 U.S. 298 (1995). The Court adopts this reasoning and recommendation.
    To the extent that Petitioner argues that the R & R failed to consider the cumulative effect of Petitioner's

  2.  The R & R [Doc. No. 25] is **APPROVED** and **ADOPTED** for the reasons set forth therein;

  3.  The Petition for Writ of Habeas Corpus by a Person in State Custody is **DENIED AND DISMISSED WITHOUT AN EVIDENTIARY HEARING;** and

  4.  There is no probable cause to issue a certificate of appealablity.

  It is further **ORDERED** that:

  1.  Petitioner's Motion for Discovery [Doc. No. 6] is **DENIED** for the reasons set forth in the R & R.

  2.  Petitioner's Motion for an Evidentiary Hearing [Doc. No. 5] is **DENIED** for the reasons set forth in the R & R;

  3.  Petitioner's Application for Appointment of Counsel [Doc. No. 38] is **DENIED** for the reasons set forth in the R & R.

  The Clerk of Court is **DIRECTED** to remove this case from civil suspense and to mark this

---

unexhausted claims of ineffective assistance of counsel, this assertion is simply inaccurate. In a section entitled "Cumulative Effect of Counsel's Deficient Performance," the R & R found that the Third Circuit recognizes a "cumulative ineffectiveness" claim, found that Petitioner had exhausted this claim in state court, and assessed Petitioner's cumulative ineffectiveness claim on the merits. R & R 48-52. Petitioner's argument that the R & R failed to consider the cumulative effect of all the *Brady* violations he raised is also misplaced. The R & R addressed each *Brady* claim individually, and, finding no failure to produce exculpatory evidence, did not need to reach the cumulative impact issue. The Court agrees with the R & R on both these issues.

  With regard to the claim that Petitioner was denied effective assistance of counsel when the trial judge failed to grant a half-day continuance at the close of the Commonwealth's case in chief, Petitioner argues that the Magistrate Judge erred in failing to accept the factual finding of the state PCRA court. However, the Court has reviewed the Superior Court's PCRA opinion dated October 27, 2006, and the language Petitioner cites as a finding of that court ("counsel's request for a continuance was to 'hone his Defense strategy and provide Effective Representation to his Client at that time . . . '" (Objections at 81)) was not a finding of the PCRA court, but rather the PCRA court's summary of counsel's argument at trial, which argument was rejected by the trial judge. The PCRA court held that the trial court's denial of the request for a half-day continuance was not prejudicial or unreasonable. The R & R on this issue does not reach the prejudice issue, but instead relies upon Magistrate Judge Hey's finding that the request for a continuance until the next morning became moot when counsel decided to use the afternoon to put Saget on the stand as a witness and closing arguments were postponed until the next morning. The factual finding in the R & R is not inconsistent with any factual finding by the PCRA court. This Court finds that the reasoning in the R & R is sound, as is the reasoning in the PCRA opinion, which reached the same conclusion on different grounds.

case closed.

It is so **ORDERED**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

_____

**CYNTHIA M. RUFE, J.**